Rickstructures, Inc. v. Coaster Dynamix is on for argument next. Mr. Rolstein. Good morning, Your Honor, and may it please the Court. Your Honors, the District Court held that Appellant Coaster Dynamix's act of withdrawing a venue argument from its 1236 motion to dismiss constituted an explicit waiver of its right to arbitration. Coaster respectfully asked this Court to reverse that decision for three reasons. One, because by definition, an inference from conduct cannot constitute explicit waiver. Two, because as long as the law in this circuit expressly allows a party— Does anything turn on waiver versus forfeiture? I understand the District Court to be saying you can't seek sequentially victory on the merits and then, if you lose, then arbitration. And the District Judge thought that that's what was going on. They were sought simultaneously. The arbitration request is withdrawn. You seek victory on the merits. You don't get it. And then you come back and say, well, I guess we'd rather arbitrate, right? And the Judge says, that's having your cake and eating it, too. You can't do that. It doesn't really matter what name you apply to it, does it? Well, Your Honor, I think there is a distinction between explicit waiver and implicit waiver, but to address your question, this Court specifically held, in Sheriff, in Halim, and in Falkenberg, that a party may move to arbitrate after filing a 12b6 motion to dismiss. And that's precisely what occurred in this case. So, Halim, you put a lot of emphasis on Halim. You know, there's a sentence or so in Halim that supports you. But when you look at what happened in Halim, you have a defendant remove a case to federal court and then immediately move to compel arbitration. Okay? That's what happened. That's very different than the circumstances here, as Judge Easterbrook just outlined. Here, you have, you put a 12b6 motion in front of the District Court. And as a result, the District Court's taking a look at the merits of the pleading. When the case is going forward, then you say, well, we want to move to compel. And you withdrew the 12b, you know, it was styled as a 12b3 venue motion. Forget how it's styled. But you withdrew it. And what you spend a lot of time on in your briefs is explaining why you withdrew it. But I don't know that, I understand the explanation just fine. You got this letter, it was threatening sanctions, etc., etc. But how does that show that the District Court got this wrong? Your Honor, two points on that. So first, it's not just the Halim case. Let's look at the Sharif case. In the Sharif case, the defendant filed four motions to dismiss and waited 18 months before filing the motion to compel arbitration. And this court nevertheless held that the District Court abused its discretion in denying the motion to compel arbitration and finding that the defendant had waived that right. So it's not that the court has only spoken about a motion to remove and immediately moving. The court has articulated the rationale in these cases, in Falkenberg and Sharif and Halim. The court has explained that it is not inconsistent for a party to attack the validity of the contract in its entirety. So let me ask the question a different way. Yes. Why didn't you say, we withdraw everything after getting that November sanctions letter? Everything except our request to compel arbitration. I don't know how in the world that could possibly be sanctionable or how you could worry that that's sanctionable. So we withdraw everything in its entirety with one exception, our request to compel arbitration. I can't imagine that any judge would impose a sanction for that. You have a contractual right. Of course, Your Honor. The issue was that there were two motions. I think that's the point your adversary is making. That's effectively what the district court said. Your Honor, there were two motions to dismiss. The first motion to dismiss was granted for lack of subject matter jurisdiction. The withdrawal of the venue argument was from the second motion to dismiss. I understand that. And that withdrawal of the venue argument had within it, did it not, the request to arbitrate? Yes, it did, Your Honor. So why not leave it on the table? Withdraw everything else. Your Honor, I can't speak as to the specific reasons that counsel, Mr. Turner, had decided to withdraw the argument. But, Your Honor, under Halima Sharif, he wouldn't have been required. He wouldn't have been required to withdraw, to leave the arbitration issue. He was allowed to reserve that issue to reinstate it at a later time. If a party may file a motion... Mr. Olstein, do you know what it seems to me that you're saying? It seems to me that you are saying that Coaster's conduct cannot be considered to be voluntary because Coaster's counsel relied on an incorrect legal analysis by opposing counsel. And that seems like a very odd argument for a lawyer to make. And that he was tricked by opposing counsel's advocacy. Your Honor, I respectfully disagree. That is not an argument. There are two separate arguments that we're presenting. One is an argument that relates to the entitlement to rescission. And that's where we can talk about whether or not the letter was misleading, whether it wasn't misleading, and whether Mr. Turner's reaction was appropriate or inappropriate. That question does not relate to the issue of explicit waiver. That question is separate and apart from explicit waiver. And we argued in the District Court, and we are arguing in this appeal, that there was no explicit waiver simply because, as the law allows a party, to first attack the contract in its entirety and then subsequently move to enforce arbitration. Now, Your Honor, as this Court is well aware, attorneys withdraw arguments for numerous reasons. They're unrelated to the merits of the argument. And in this case, for example, it may very well be that Mr. Turner had decided that he didn't want to have this sanctions fight in the moment and that he wanted the District Court to first address the validity of the contract before moving to enforce arbitration of a provision included in the same contract. And on top of that, he didn't want to expose himself and his client to the immediate costs of a sanctions litigation. He therefore decided to withdraw. That may very well be the explanation. But, Your Honor, there's a third point here. The burden of proof, the heavy burden of proving that the act of withdrawing the venue argument constituted a knowing and intelligent relinquishment... I've asked you to stop talking about waiver. It doesn't really matter whether this is waiver or forfeiture or simply the District Judge saying your litigation procedure is inconsistent with a genuine demand for arbitration. There are all sorts of different verbal formulations and relying so heavily as you do on the particular elements of waiver is, I think, distracting your attention from what really matters. Well, Your Honor, the District Court found explicit waiver. I agree that we can... I'm well aware of that. Your Honor, and to address that, I think we should look and stick with this if you want. No, Your Honor. I'm attempting to suggest that you would do better to argue otherwise, but you are free to argue as you want. Your Honor, I agree. Whether we call it explicit waiver as the District Court called it, whether we want to talk about implicit waiver which the District Court specifically and unequivocally held there was no implicit waiver and that's on pages A6 through 8 of the appendix, the bottom line is that in order to oppose the motion to compel arbitration, Apelli had the heavy burden of proving that there was waiver and that burden, as this Court articulated in Delta Consulting Group, required an act that the act relied on to constitute waiver and I'm quoting, must be clear, unequivocal, and decisive. In this case, we don't know why counsel and I think there has to be a psychiatrist's examination of counsel before counsel's acts may be given effect. No, Your Honor. So that we can get immediate access to intent. And are you really saying that your brief didn't claim that Coaster only withdrew its venue slash arbitration claim when the public structures threatened to file a motion for sanctions under Rule 11? That's what I read. Your Honor, there were two arguments made in the brief with respect to rescission and of course, based on the timing, the fact that counsel had withdrawn the argument on the very day that he received the Rule 11 sanctions letter, that would demonstrate that that was a reaction to the sanctions threat in an attempt to avoid a non-necessary sanctions fight in the moment. But that's a separate issue from, as I view it, from whether or not there is waiver, forfeiture, or implicit waiver. And Your Honor, I think that appellees acknowledge on page 10 of their brief, Your Honor, as I see that I'm cutting into my rebuttal time, if I may reserve the remaining time. Your time has expired. Thank you, Mr. Rolstein. Ms. White. Good morning, and may it please the Court. My name is Stephanie White. I'm here on behalf of Brick Structures. This is a very simple issue on appeal. We have here a very explicit voluntary procedural decision by Coaster Dynamics that didn't play out the way that they hoped it would in an attempt to backpedal from that decision when the result wasn't favorable to them. This isn't a situation where we need to infer anything from Coaster Dynamics' conduct because we have an explicit statement from their attorney in the withdrawal that the reason for the withdrawal was because they did not present these arguments in the first motion to dismiss. The fact that they did not under the case law of this circuit waive those arguments is irrelevant here because that is the reason that Coaster Dynamics chose to explicitly withdraw this argument. Now, the second half of this is the concept of rescission that Coaster Dynamics is attempting to shift the blame to Brick Structures' attorneys for sending a Rule 11 letter requesting that they withdraw their improper venue and personal jurisdiction arguments. Coaster Dynamics' counsel at the time apparently did no independent legal research decided to entirely adopt the position of Brick Structures' counsel and doing so was a procedural decision. The only argument presented to the district court as to why they did so was that our letter was misleading. It wasn't that Coaster Dynamics spends a lot of time in its briefs discussing speculative reasons why Mr. Turner might have made this withdrawal but that was not presented to the district court and it really doesn't matter at the end of the day because there is a heavy burden of trying to withdraw this waiver. So, it's in our opinion a very simple issue before this court that there was an explicit statement of withdrawal and there's just no reason to go any further. On the first issue, the non-rescission issue, what's the standard of review? This is a something that is a little bit disputed in our briefs and in the case law of this circuit. There is a 1992 case that states that the standard of review on a waiver should actually be one of clear error because the factual underpinnings are so closely related to the legal question. There is the later, I think it's the Halim case does say that the finding, the legal conclusion of waiver is actually reviewed de novo. In this situation the facts underline the case it's so you know the court doesn't really want to go into the definition of waiver but the definition is this knowing statement of relinquishment which is a fact. There is a fact that there was a knowing statement here and that  for a clearly erroneous standard. If it were a situation of interpreting the enforceability of the arbitration clause itself then I would agree that it would be de novo. And even if just to be clear on your overarching legal theory of the case setting aside the waiver argument am I correct that your theory of the case is that the contract was valid and enforceable but for the arbitration clause? Well Your Honor we haven't quite reached the point of determining what portions of the contract are and are not enforceable. It was an online printed form contract that the parties filled out certain provisions and they left certain ones blank and one of the clauses that they left blank was the arbitration clause. The district court we did present arguments to the district court regarding the enforceability of the clause itself but the district court did not reach that issue because the court found waiver. So that's still an open question should the district court be reversed that would go back down and we would need to argue that point. So actually if there are no further questions I'll yield the rest of my time with Mr. Rolstein. Thank you Your Honor. Okay thank you very much. The case is taken under revisement.